Case 9:22-cr-80094-WPD Document 3 Entered on FLSD Docket 06/16/2022 Page 1 of 8

FILED by AW D.C.
Jun 15, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-80094-CR-DIMITROULEAS/MCCABE

18 U.S.C. § 1343
18 U.S.C. § 982

UNITED STATES OF AMERICA

v.

JASON SCOTT CARTER,

        Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

### Economic Injury Disaster Relief Program

### The Small Business Administration

1.     The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2.     As part of this effort, the SBA facilitated loans through banks, credit unions, and other lenders. The federal government backed these loans.

**The Economic Injury Disaster Loan Program**

3. The Economic Injury Disaster Loan ("EIDL") program was an SBA program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

4. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization for the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. The amount of the advance was determined by the number of employees the applicant certified having. The advances did not have to be repaid.

5. In order to obtain an EIDL and advance, a qualifying business was required to submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-month period was that preceding January 31, 2020. The applicant was further required to certify that it was not engaged in any illegal activity and that all of the information in the application was true and correct to the best of the applicant's knowledge.

6. EIDL applications were submitted directly to the SBA and processed by the agency with support from a government contractor, Rapid Finance. The amount of the loan, if the application was approved, was determined based, in part, on the information provided by the

application about employment, revenue, and cost of goods, as described above. Any funds issued under an EIDL or advance were issued directly by the SBA. EIDL funds could be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

### The Defendant and Related Entities and Individuals

7. Jason S. Carter, Inc. was a company incorporated under the laws of Florida, with its principal place of business in Palm Beach County, Florida, and held an account ending in 4302 at SunTrust Bank (the "Jason S. Carter, Inc. Account").

8. Defendant **JASON SCOTT CARTER**, a resident of Palm Beach County, Florida, was owner and president of Jason S. Carter, Inc.

9. Company A was a company incorporated under the laws of Florida, with its principal place of business in Broward County, Florida. Company A provided high-end automotive repair services for vintage cars.

### COUNT 1
### Wire Fraud
### (18 U.S.C. § 1343)

1. Paragraphs 1 through 9 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about March 31, 2020, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**JASON SCOTT CARTER,**

did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did

3

knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### Purpose of the Scheme and Artifice

3. It was a purpose of the scheme and artifice for the defendant and his accomplices to unlawfully enrich themselves by: (a) submitting and causing the submission, via interstate wire communication, of a false and fraudulent application for an EIDL made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic; (b) diverting fraud proceeds for his personal use, the use and benefit of others, and to further the fraud; and (c) concealing and causing the concealment of this false and fraudulent application.

### The Scheme and Artifice

4. On or about March 31, 2020, **JASON SCOTT CARTER** submitted, and caused the submission of, an EIDL application in the name of Jason S. Carter, Inc. seeking an EIDL (the "EIDL Application"). In the EIDL Application, **CARTER** falsely represented, among other things, that Jason S. Carter, Inc.'s gross revenues for the twelve months prior to the date of the disaster were $100,000, and that Jason S. Carter, Inc.'s cost of goods sold for the twelve months prior to the date of the disaster were $40,000.

5. On or about April 21, 2020, based on false representations made in the EIDL Application and EIDL Loan Agreement, the SBA deposited $1,000 in the form of an EIDL advance into the Jason S. Carter, Inc. Account.

6. As a result of the false and fraudulent EIDL Application, SBA approved the EIDL. On or about May 26, 2020, **JASON SCOTT CARTER** submitted, and caused the submission of, an EIDL Loan Authorization and Agreement (the "EIDL Loan Agreement") in the approximate

4

amount of $29,000. In the EIDL Loan Agreement, **CARTER** falsely certified that "[a]ll representations in the Borrower's Loan application (including all supplementary submissions) are true, correct and complete and are offered to induce SBA to make this Loan."

7. On or about May 29, 2020, based on false and fraudulent representations made in the EIDL Application and EIDL Loan Agreement, the SBA deposited approximately $28,900 into the Jason S. Carter, Inc. Account.

8. From on or about June 15, 2020, until on or about October 23, 2020, **JASON SCOTT CARTER** used the funds received from the SBA in the Jason S. Carter Account to purchase approximately $21,788 in automotive repairs and services for his vintage car from Company A. Those payments were made for personal purposes and not for any of the approved business purposes allowed by the EIDL Loan Agreement.

## Use of Wires

9. On or about May 26, 2020, in Palm Beach County, in the Southern District of Florida, and elsewhere, **JASON SCOTT CARTER**, for the purpose of executing and in furtherance of the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, signals, pictures, and sounds, that is, the electronic transmission from **CARTER** to the SBA, through servers outside of Florida, of the EIDL Loan Agreement for Jason S. Carter, Inc.

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS

1.  The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for alleging criminal forfeiture to the United States of America of certain property in which the defendant, **JASON SCOTT CARTER,** has an interest.

2.  Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived, from proceeds traceable to such violation.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), and the procedures outlined at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____   For:
WILL J. ROSENZWEIG   Hayden O'B~
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.:

v.

JASON SCOTT CARTER,

_____/

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

**Court Division** (select one)
- ☐ Miami       ☐ Key West    ☐ FTP
- ☐ FTL         ☒ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect:

4. This case will take  4  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☒ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge                    Case No.
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No.
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge                    Case No.
9. Defendant(s) in federal custody as of
10. Defendant(s) in state custody as of
11. Rule 20 from the            District of
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
Will J. Rosenzweig
Assistant United States Attorney
Court ID No.    A5502698

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Jason Scott Carter

**Case No:** _____

Count #: 1

Wire Fraud

Title 18, United States Code, Section 1343

* Max. Term of Imprisonment: 20 years
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.